### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| GUILLERMINA PENA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.:_____ |
| | § | |
| | § | |
| STATE FARM LLOYDS AND | § | |
| RAFAEL NAVARRO | § | **(JURY DEMANDED)** |

## INDEX OF MATTERS BEING FILED

1.   Copy of state court Docket Sheet;

2.   Copy of Plaintiff's Original Petition;

3.   Citation;

4.   Copy of Defendant's Original Answer; and

5.   Copy of Defendant's Jury Demand.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495
Fax: (956) 428-2954

By:_ /s/ _ _Scott T. Clark_ _____
SCOTT T. CLARK
State Bar No. 00795896
Federal I.D. No. 21676
sclark@adamsgraham.com

Attorneys for Defendant STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the  15th  day of August 2016:

Larry W. Lawrence, Jr.                                                    *Via E-Mail*
Michael Lawrence
**LAWRENCE LAW FIRM**
3112 Windsor Road, Suite A234
Austin, Texas 78703
Lawrencefirm@gmail.com

Dan Cartwright                                                           *Via E-Mail*
Lory Sopchak
**CARTWRIGHT LAW FIRM, LLP**
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056
Lory@dcartwrightlaw.net

                              */s/ Scott T. Clark*
                              SCOTT T. CLARK

Civil Action No. _____
GUILLERMINA PENA VS. STATE FARM LLOYDS

# TAB 1

# TO INDEX OF MATTERS BEING FILED

# REGISTER OF ACTIONS
## CASE NO. C-3012-16-H

| | | |
|---|---|---|
| Guillermina Pena VS. Rafael Navarro, State Farm Lloyds | §<br>§<br>§<br>§<br>§ | **Case Type:** **Contract -**<br>**Consumer/Commercial/Debt**<br>**(OCA)**<br>**Date Filed:** **06/27/2016**<br>**Location:** **389th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Navarro, Rafael** | |
| **Defendant** | **State Farm Lloyds** | **SCOTT CLARK**<br>*Retained*<br>956-428-7495(W) |
| **Plaintiff** | **Pena, Guillermina** | **Larry W. Lawrence, Jr.**<br>*Retained*<br>956-994-0057(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/27/2016 | Original Petition (OCA)<br>  *Petition* |
| 07/07/2016 | Citation By Certified Mail<br>  Navarro, Rafael                    Unserved<br>  State Farm Lloyds                 Unserved |
| 07/07/2016 | Service Issued<br>  *2 CITATIONS* |
| 08/05/2016 | Answer<br>  *Original Answer of State Farm Lloyds* |
| 08/05/2016 | Request<br>  *Jury Demand of State Farm Lloyds* |
| 12/27/2016 | Tickler  (6:00 PM) (Judicial Officer Lopez, Letty) |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant State Farm Lloyds**<br>**Total Financial Assessment**<br>**Total Payments and Credits**<br>**Balance Due as of 08/15/2016** | | | 42.00<br>42.00<br>**0.00** |
| 08/08/2016<br>08/08/2016 | Transaction Assessment<br>EFile Payments from<br>TexFile | Receipt # DC-2016-060471 | State Farm Lloyds | 42.00<br>(42.00) |
| | **Plaintiff Pena, Guillermina**<br>**Total Financial Assessment**<br>**Total Payments and Credits**<br>**Balance Due as of 08/15/2016** | | | 546.00<br>546.00<br>**0.00** |
| 06/27/2016<br>06/27/2016 | Transaction Assessment<br>EFile Payments from<br>TexFile | Receipt # DC-2016-049437 | Pena, Guillermina | 546.00<br>(546.00) |

Civil Action No. _____
BLAS CORTINAS & MARIA CORTINAS VS. STATE FARM LLOYDS

# TAB 2

## TO INDEX OF MATTERS BEING FILED

## C-3012-16-H
### 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

---

### CITATION

---

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

RAFAEL NAVARRO C/O
**CORPORATION SERVICE COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX 78701**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 389th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 27th day of June, 2016 and a copy of same accompanies this citation. The file number and style of said suit being, **C-3012-16-H, GUILLERMINA PENA  VS.  STATE FARM LLOYDS AND RAFAEL NAVARRO**

Said Petition was filed in said court by Attorney , LARRY W. LAWRENCE, JR. 1300 POST OAK BLVD, SUITE 760 HOUSTON TEXAS 77056 .

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of July, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**RACHEL BUENO DEPUTY CLERK**

CERTIFIED MAIL 92148901066154000088750954

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 7th day of July, 2016 I, Rachel Bueno, Deputy Clerk of the 389th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-3012-16-H, Guillermina Pena VS. Rafael Navarro, State Farm Lloyds a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT,** at office in Edinburg, Texas on this the 7th day of July, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**RACHEL BUENO, DEPUTY CLERK**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Civil Action No. _____
BLAS CORTINAS & MARIA CORTINAS VS. STATE FARM LLOYDS

# TAB 3

# TO INDEX OF MATTERS BEING FILED

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. __C-3012-16-H__

| | | |
|---|---|---|
| GUILLERMINA PENA | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS AND | § | |
| RAFAEL NAVARRO | § | |
| *Defendants* | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GUILLERMINA PENA,** complaining of **STATE FARM LLOYDS AND RAFAEL NAVARRO,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Hidalgo County, Texas.

3. Defendant State Farm Lloyds is a Texas Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent: Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Rafael Navarro is an individual licensed to engage in the business of adjusting insurance claims in Texas. This defendant can be served with process by serving State Farm Lloyds's registered agent: Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701 or wherever found.

### III. JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. The

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3012-16-H**

court has jurisdiction over Defendant State Farm Lloyds (hereinafter "State Farm") because it is engaging in the business of insurance in the State of Texas and over Defendant Rafael Navarro (hereinafter "Navarro") because he is an adjuster for State Farm who operates out of a State Farm office in Texas. Venue is proper in this county because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

6. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

7. Plaintiff owns the insured property, located at 909 Kerria Street, Weslaco, Texas 78596 (hereinafter referred to as "the Property").

8. State Farm sold the Policy insuring the property to Plaintiff.

9. On or about April 24, 2015, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of April 24, 2015, strong supercell thunderstorms moved through the Weslaco, Texas area producing heavy rains, and damaging wind and hail.

10. Plaintiff submitted claims to the Defendants against the policy for damages to the Property as a result of the April 24, 2015 storm. Plaintiff requested that the Defendants cover the costs of these repairs pursuant to the policy they entered into with the Defendants.

11. The Plaintiff reported the damage to the covered Property to the Defendant State Farm. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3012-16-H

with Defendant specifically excluded some repairs.

12. As of the date of this filing, the Defendant continue to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to her home.

13. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant State Farm has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant State Farm's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

14. Defendant State Farm has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant State Farm failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant State Farm failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant State Farm failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made.

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3012-16-H**

Furthermore, Defendant State Farm did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant State Farm's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant State Farm refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant State Farm failed to conduct a reasonable investigation. Specifically, Defendant State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

19. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Defendant State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

20. Since the date Plaintiff presented her claim to Defendant State Farm, the liability of Defendant State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant State Farm has refused to pay Plaintiff in full, despite

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3012-16-H**

there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Defendant State Farm knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

22. As a result of Defendant State Farm's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action against State Farm and Rafael Navarro's Noncompliance with Texas Insurance Code: Unfair Settlement Practices

23. Defendants, State Farm and Navarro's, conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.151.

24. Defendant, Navarro, is liable for its unfair and deceptive acts, irrespective of the fact it was acting on behalf of State Farm, because it is a "person" as defined by TEX. INS. CODE. §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. §541.002(2) (emphasis added). (See also *Liberty Mutual insurance Co. V Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3012-16-H**

25. Defendants, State Farm and Navarro's, unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

26. The unfair settlement practices of Defendants, State Farm and Navarro, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitute an unfair methods of competition and an unfair and deceptive acts or practices in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

27. Defendants, State Farm and Navarro's, unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.0609(a)(7).

**Fraud against all Defendant Parties**

28. Defendants State Farm and Navarro are liable to Plaintiff for common law fraud.

29. Defendants made material misrepresentations to Plaintiff as to the extent of her damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages. Each and every one of the representations, as described above, concerned material facts relied upon by Plaintiff which Defendants, State Farm and Navarro, knew were false or made recklessly without any knowledge of their truth as a positive assertion.

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3012-16-H

30. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements proximately causing Plaintiff to suffer injury and damages as described herein below.

### Conspiracy to Commit Fraud against all Defendant Parties

31. Defendants State Farm and Navarro are liable to Plaintiff for conspiracy to commit fraud. Defendants State Farm and Navarro were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, State Farm and Navarro, committed an unlawful, overt act to further the object of the conspiracy. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST STATE FARM ONLY

32. Defendant State Farm is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

33. Defendant State Farm's conduct as described *supra* constitutes a breach of the insurance contract made between State Farm and Plaintiff.

34. Defendant State Farm's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff which proximately caused Plaintiff the loss of the policy benefits.

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3012-16-H**

**Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

35. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(A). All violations under this article are made actionable by TEX. INS. CODE. §541.151.

36. Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

37. Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(2)(A).

38. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

39. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(4).

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3012-16-H**

40. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(7).

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

41. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE. §542.060.

42. Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, and pay the full amount of the claim, as described above, constitutes a non-prompt payment of claim and a violation of the TEX. INS. CODE §542.056(a).

**Breach of Duty of Good Faith and Fair Dealing**

43. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim when State Farm knew, or should have known, by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing which proximately caused Plaintiff's damages as described herein below.

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3012-16-H

## KNOWLEDGE

45. The acts of Defendants are in violation of the Insurance Code described above were done "knowingly," as that item is used in the Texas Insurance Code, and were producing causes of Plaintiff's damages described herein.

## VI. DAMAGES

46. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the proximate or producing causes of the damages sustained by Plaintiff.

47. As previously mentioned, the damages caused by the storms described above rendered Plaintiff's property substantially damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants', State Farm and Navarro's, mishandling of Plaintiff's claim in violation of the laws set forth above.

48. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorneys' fees.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE. §542.060.

51. For breach of the Common Law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3012-16-H

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

52. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

53. For the prosecution and collection of this claim, Plaintiff has been required to retain the services of the undersigned attorneys and is entitled to recover her reasonable and necessary attorneys' fees.

54. As a result of the knowing violations of the Texas Insurance Code, Plaintiff is entitled to recover treble damages pursuant to the provisions of the Texas Insurance Code.

55. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

56. Under Texas Rule of Civil Procedure 194, Plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**Plaintiff's 1st Requests for Production to Defendants State Farm and Rafael Navarro**

57. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

Electronically Filed
6/27/2016 2:58:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3012-16-H**

### VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said

Plaintiff has and recover such sums as would reasonably and justly compensate her in

accordance with the rules of law and procedure, as to actual damages, treble damages under the

Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs

of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law,

and for any other and further relief, either at law or in equity, to which she may show herself

justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)
Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak

Civil Action No. _____
BLAS CORTINAS & MARIA CORTINAS VS. STATE FARM LLOYDS

# TAB 4

# TO INDEX OF MATTERS BEING FILED

Electronically Filed
8/9/2023 3:18:39 PM
Hidalgo County District Clerks
Reviewed By: Claudia Rodriguez

CAUSE NO. C-3012-16-H

| | | |
|---|---|---|
| GUILLERMINA PENA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS AND | § | |
| RAFAEL NAVARRO | § | OF HIDALGO COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT STATE FARM LLOYDS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, **STATE FARM LLOYDS** ("State Farm"), filing its Original Answer to Plaintiff's Original Petition, respectfully showing as follows:

## I.
## Special Exceptions

A.     State Farm specially excepts to Plaintiff's Original Petition, Paragraphs 13 and 32-33, vaguely complaining of an alleged breach of contract, but failing to plead the specific facts and circumstances in particular support of any such breach, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

B.     State Farm specially excepts to Plaintiff Original Petition, Paragraphs 14-17, 23-27, and 35-40, vaguely complaining of alleged violations of the *Texas Insurance Code*, Section 541, but failing to plead the specific facts and circumstances in particular support of any alleged statutory violation and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

C.     State Farm specially excepts to Plaintiff's Original Petition, Paragraphs 20 and 43-44, vaguely complaining of alleged violations of a duty of good faith and fair dealing, but failing to plead the specific facts and circumstances in particular support of any such breach, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

D.     State Farm specially excepts to Plaintiff's Original Petition, Paragraphs 18-19

Electronically Filed
8/6/2016 3:18:33 PM
Hidalgo County District Clerks
Reviewed By: Claudia Rodriguez

and 41-42, vaguely complaining of alleged violations of the *Texas Insurance Code, Section* 542, but failing to plead the specific facts and circumstances in particular support of any alleged statutory violation and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

E.      State Farm specially excepts to Plaintiff's Original Petition, Paragraphs 28-30, vaguely complaining of alleged fraud, but failing to plead the specific facts and circumstances in particular support of any such fraud, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

F.      State Farm specially excepts to Plaintiff's Original Petition, Paragraph 31, vaguely complaining of alleged conspiracy to commit fraud, but failing to plead the specific facts and circumstances in particular support of any such conspiracy, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

## II.
## Denial of Conditions Precedent

Defendant denies that Plaintiff has satisfied conditions precedent to bring this suit, including written notice as soon as practicable, protection of the property from further damage or loss, making reasonable and necessary temporary repairs required to protect the property, and repair or replacement of the damaged part of the property as required for replacement cost benefits.

## III.
## General Denial

Defendant denies each and every material allegation contained in the Plaintiff's Original Petition and say that the same are not true, in whole or in part.

## IV.
## Bona Fide Dispute

Defendant pleads the affirmative defense of a bona fide dispute arising from the extra-

Electronically Filed
8/8/2016 3:18:33 PM
Hidalgo County District Clerks
Reviewed By: Claudia Rodriguez

contractual tort allegations made a part of this suit.

## V.
## Limitations of Coverage, Pleas & Affirmative Defenses

A.      State Farm acknowledges the issuance of a Texas Homeowner's Policy which contains terms, conditions, requirements, and exclusions applicable to Plaintiff's claim as follows:

### SECTION I - LOSSES NOT INSURED

1.      We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

      g.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown.

      i.      wet or dry rot.

      l.      settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings.

B.      State Farm  denies any breach of duty to the Plaintiff, including any breach of duty of good faith and fair dealing.

C.      State Farm denies violation of any provision of the *Texas Insurance Code* in the handling of the Plaintiff's claims for insurance proceeds.

D.      State Farm denies that it violated any fiduciary duty or responsibility it may have owed to the Plaintiff with regard to the issuance, investigation, handling and determination of the Plaintiff's claims for insurance proceeds.

E.      State Farm denies that the Plaintiff is entitled to recover attorney's fees as there has been no breach of the insurance contract issued by State Farm by virtue of the handling of the claim for homeowner's insurance benefits.  In addition, State Farm has not violated any statutory obligation that would give rise to a claim for recovery of attorney's fees.

F.      State Farm affirmatively pleads that the Plaintiff failed to mitigate her damages.

Electronically Filed
8/12/2016 3:58:23 PM
Hidalgo County District Clerks
Reviewed By: Claudia Rodriguez

## VI.
## Defenses as to Punitive Damages

State Farm affirmatively pleads the unconstitutionality of punitive, exemplary or enhanced damages and/or any judgment for the same are unenforceable due to the following:

A.　　On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature and Plaintiff should, therefore, be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiff to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of America and the State of Texas.

B.　　On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provisions of the Constitutions of the United States of America and the State of Texas.

C.　　On their face and as applied to the facts of this case, under Texas law, the measure of damages is so vague and ambiguous that the basis of such damages can not clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an *ex post facto* law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

D.　　On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same Constitution.

E.　　On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Defendant in violation of the Fourteenth Amendment Due Process Clause of the Constitution of the United States of America. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

F.　　Additionally, or in the alternative, State Farm pleads the statutory definitions, standards, restrictions, and monetary "caps" applicable to any possible exemplary damages claim and recovery, including the limitation on the total amount of any such recovery per

Electronically Filed
8/5/2016 3:08:23 PM
Hidalgo County District Clerks
Reviewed By: Claudia Rodriguez

section 41 of the Texas Civil Practice and Remedies Code.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that, upon final hearing, Plaintiff not recover as prayed for in her Original Petition and for all other relief, at law or in equity, which the Defendant may show just entitlement to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
134 E. Van Buren, Suite 301 (78550)
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495 Ext. 147
Fax: (956) 428-2954

By: /s/ Scott T. Clark
    SCOTT T. CLARK
    State Bar No. 00795896
    sclark@adamsgraham.com

Attorneys for Defendant STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the __5th__ day of August 2016:

Larry W. Lawrence, Jr.                                                    *Via E-Service*
Michael Lawrence
**LAWRENCE LAW FIRM**
3112 Windsor Road, Suite A234
Austin, Texas 78703
Lawrencefirm@gmail.com

Dan Cartwright                                                            *Via E-Service*
Lory Sopchak
**CARTWRIGHT LAW FIRM, LLP**
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056
Lory@dcartwrightlaw.net

/s/ Scott T. Clark
SCOTT T. CLARK

Civil Action No. _____
BLAS CORTINAS & MARIA CORTINAS VS. STATE FARM LLOYDS

# TAB 5

# TO INDEX OF MATTERS BEING FILED

Electronically Filed
8/9/2016 3:18:23 PM
Hidalgo County District Clerks
Reviewed By: Claudia Rodriguez

CAUSE NO. C-3012-16-H

| | | |
|---|---|---|
| GUILLERMINA PENA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS AND | § | |
| RAFAEL NAVARRO | § | OF HIDALGO COUNTY, TEXAS |

## DEFENDANT STATE FARM LLOYDS' JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant **STATE FARM LLOYDS** has deposited the jury fee of Forty and No/100 Dollars ($40.00) with the District Clerk of Hidalgo County, Texas and does make its Jury Demand in the above-styled and numbered cause.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
134 E. Van Buren, Suite 301 (78550)
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495 Ext. 147
Fax: (956) 428-2954

By: /s/ Scott T. Clark
    SCOTT T. CLARK
    State Bar No. 00795896
    sclark@adamsgraham.com

Attorneys for Defendant STATE FARM LLOYDS

Electronically Filed
8/5/2016 3:18:23 PM
Hidalgo County District Clerks
Reviewed By: Claudia Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _5th_ day of August 2016:

Larry W. Lawrence, Jr.                                    *Via E-Service*
Michael Lawrence
**LAWRENCE LAW FIRM**
3112 Windsor Road, Suite A234
Austin, Texas 78703
Lawrencefirm@gmail.com

Dan Cartwright                                           *Via E-Service*
Lory Sopchak
**CARTWRIGHT LAW FIRM, LLP**
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056
Lory@dcartwrightlaw.net


                         _/s/ Scott T. Clark_
                         SCOTT T. CLARK